NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE C. GABLE,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>WASHINGTON CORRECTION CENTER<br>FOR WOMEN; et al.,<br><br>    Defendants-Appellees. | No.   20-35548<br><br>D.C. No. 3:18-cv-05266-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Washington state prisoner Michelle C. Gable appeals pro se from the district

court's summary judgment in her action brought under 42 U.S.C. § 1983 and the

Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058–59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Gable's deliberate indifference claim because Gable failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Gable's hypersensitivity to chemical irritants and pollutants. *See Toguchi v. Chung*, 391 F.3d 1051, 1057–61 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Gable's ADA Title II claim against defendants Wofford, Carei, Clark, Shulze, Perkins, and Anderson-Logano in their official capacities because, assuming without deciding that Gable is an individual with a disability, Gable failed to raise a genuine dispute of material fact as to whether these defendants intentionally discriminated against her by reason of her disability. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (elements of an ADA Title II claim).

Summary judgment was proper on Gable's ADA Title II claim against defendants Wofford, Carei, Clark, Shulze, Perkins, and Anderson-Logano in their

2                                                                        20-35548

individual capacities, because as individuals, they are not liable under the ADA. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities[.]").

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**